C. N. ABELL et al *v.* D. A. DUPARCY et al.

**Sale of Land — Advertisement — Compliance with Judgment — Commissioner.**
> Where a commissioner does not advertise the true terms of the credit upon which the land was to be sold as required by the judgment, a sale thereunder will be vacated.

**Same.**
> A commissioner has no discretionary power, and it is his duty to conform his action to the direction of the judgment.

APPEAL FROM ADAIR CIRCUIT COURT.

December 8, 1866.

OPINION OF THE COURT BY JUDGE PETERS:

In a proceeding in the court below by Duparcy against appellants to enforce a lien on three adjoining parcels of land for

the unpaid purchase price a sale was ordered to be made on the premises " on a credit of *nine months;*" at public auction after the " time, terms and place of sale shall have been advertised for fifteen days at the courthouse door in Columbia and at three other public places in Adair county, one of which is to be on the land to be sold," etc.

A report of sale was made by the commissioner, in which he states he proceeded to sell the land on the premises on the 23d day of December, 1863; and more having been bid for it than the amount of the debt, interest, and cost, he then offered to sell to whomsoever would pay the debt, etc., for the least number of acres, the part sold to be taken off the northeast corner, when Cornelius N. Abell agreed to pay the debt, etc., for —— acres less than the whole quantity, but he having failed and refused to execute bond as required by the judgment, he again on the same day proceeded to resell said land, and Joseph M. Young became the purchaser at the price of $1,749, and executed bond with surety, as required by the judgment.

It appears from the report that before Abell bid a larger sum had been bid for the land than was necessary to pay the amount required to pay Duparcy's debt, interest and costs; the foregoing facts in connection with the statement of Samuel Abell of what Hendrickson would give for the land conduce strongly to the conclusion that the land was sold for much less than its fair value.

Again it furthermore appears from the report that the commissioner did not advertise the terms of the credit upon which the land was to be sold as required by the judgment, and the law in that particular was not complied with; this failure of the commissioner to advertise the true credit upon which the land was ordered to be sold may have kept away bidders, prevented competition, and caused the land to sell for less than it would have done if the advertisement had conformed to the judgment.

The commissioner was the mere ministerial agent of the court, clothed with no discretionary powers, and it was his duty to conform his action to the directions in the judgment, by which alone he was authorized to act. If he had the power to advertise the sale on terms different from those prescribed in the judgment he would, by a like mode of reasoning, have the power to dispense with any notice or advertisement of the sale whatever.

Sales made under such circumstances cannot be approved, and should not be confirmed.

Whether the sale of the land will pass to the purchaser the fixtures, engine, etc., of the steam distillery on it, is a question not presented by this record for our determination, and we therefore will express no opinion in relation thereto.

But for the reasons herein expressed the judgment must be reversed, and the cause remanded, with instructions to sustain the exceptions to the report of the commissioner, to set aside the sale of the land, and for further proceedings consistent herewith.